■ STATE OF NEW YORK et al., Respondents, v PHILIP MORRIS INCORPORATED et al., Respondents. CITY OF NEW YORK et al., Appellants; NASSAU COUNTY et al., Respondents. [693 NYS2d 36] —Consent decrees and final judgments, Supreme Court, New York County (Stephen Crane, J.), entered December 23, 1998, as amended by the order of the same court and Justice, entered April 16, 1999, in an action by the State of New York for harm sustained to itself and its political subdivisions as a

result of defendants' allegedly illegal conduct in selling tobacco products in the State, *inter alia*, approving the intra-State allocation of the settlement funds to be received by the State under the Master Settlement Agreement settling numerous other lawsuits brought by other States against tobacco companies, unanimously affirmed, without costs. Orders, same court and Justice, entered December 23, 1998, denominated "Agreed Dismissal Order and Class Action Final Judgment", and December 24, 1998, which approved a replacement agreement with regard to defendant Liggett Group, Inc., unanimously affirmed, without costs.

Given the competing interests involved, allocation of the Master Settlement Agreement funds on a 60/40 population/Medicaid spending basis is not unfair or unreasonable (*see, Weinberger v Kendrick,* 698 F2d 61, 73, *cert denied sub nom. Lewy v Weinberger,* 464 US 818). Concerning the procedural challenges to the approval process, appellants' claims that there was a rush to judgment are unconvincing inasmuch as each had at one point or another urged acceptance of one of the three settlement proposals, and that there was no impediment to any of the appellants opting out of the settlement and pursuing its own litigation. Concur—Sullivan, J. P., Rosenberger, Nardelli, Andrias and Friedman, JJ. [*See,* 179 Misc 2d 435.]